IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MARSHALL D. BELEW, II | ) | Case No. 310-08633 |
| | ) | Chapter 7 proceedings |
| Debtor . | ) | Judge Lundin |
| | ) | |
| RON HUTTER | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| -v- | ) | Adv. Pro. No. 310-0635A |
| | ) | |
| MARSHALL D. BELEW, II | ) | |
| | ) | |
| Defendant | ) | |

## ANSWER TO COMPLAINT OBJECTING TO THE DISCHARGEABILITY OF CERTAIN DEBT

Come the Defendant, through counsel, and for answer to the complaint filed herein, would show the following unto the court:

1. The Defendant, MARSHALL D. BELEW, II, denies the allegations as contained in paragraph 1 of the complaint filed herein.

2. The Defendant, MARSHALL D. BELEW, II, admits the allegations as contained in paragraph 2 of the complaint filed herein.

3. The Defendant, MARSHALL D. BELEW, II, admits the allegations as contained in paragraph 3 of the complaint filed herein that the Plaintiff advanced $300,000.00, but he would show unto the Court that the Investment Contract referenced as Exhibit 1 was never attached to the complaint.

4. The Defendant, MARSHALL D. BELEW, II, is without knowledge or information as to the remainder of the allegations in paragraph 4 of the complaint filed herein, denies same, and demands strict proof thereof.

5. The Defendant, MARSHALL D. BELEW, II, is without knowledge or information as to the remainder of the allegations in paragraph 5 of the complaint filed herein, denies same, and demands strict proof thereof.

-1-

6. The Defendant, MARSHALL D. BELEW, II, denies the allegations contained in paragraph 6 of the complaint filed herein.

7. The Defendant, MARSHALL D. BELEW, II, admits that $300,000.00 was transferred by the Plaintiff as alleged in paragraph 7 of the complaint filed herein. The remainder of the allegations in this paragraph are denied.

8. The Defendant, MARSHALL D. BELEW, II, is without knowledge or information as to the remainder of the allegations in paragraph 8 of the complaint filed herein, denies same, and demands strict proof thereof.

9. The Defendant, MARSHALL D. BELEW, II, is without knowledge or information as to the remainder of the allegations in paragraph 9 of the complaint filed herein, denies same, and demands strict proof thereof.

10. The Defendant, MARSHALL D. BELEW, II, is without knowledge or information as to the remainder of the allegations in paragraph 10 of the complaint filed herein, denies same, and demands strict proof thereof.

11. The Defendant, MARSHALL D. BELEW, II, is without knowledge or information as to the remainder of the allegations in paragraph 11 of the complaint filed herein, denies same, and demands strict proof thereof.

12. The Defendant, MARSHALL D. BELEW, II, denies the allegations as contained in paragraph 12 of the complaint filed herein.

13. The Defendant, MARSHALL D. BELEW, II, is without knowledge or information as to the allegations in paragraph 13 of the complaint filed herein, denies same, and demands strict proof thereof.

14. The Defendant, MARSHALL D. BELEW, II, is without knowledge or information as to the allegations in paragraph 13 of the complaint filed herein, denies same, and demands strict proof thereof.

15. The Defendant, MARSHALL D. BELEW, II, is without knowledge or information as to the remainder of the allegations in paragraph 15 of the complaint filed herein, denies same, and demands strict proof thereof.

16. The Defendant, MARSHALL D. BELEW, II, is without knowledge or information as to the remainder of the allegations in paragraph 16 of the complaint filed herein, denies same, and demands strict proof thereof.

17. The Defendant, MARSHALL D. BELEW, II, admits or denies the allegations as contained in paragraph 17 of the complaint filed herein consistent with his prior answers to this complaint.

18. The Defendant, MARSHALL D. BELEW, II, denies the allegations as contained in paragraph 18 of the complaint filed herein.

19. The Defendant, MARSHALL D. BELEW, II, denies the allegations as contained in paragraph 19 of the complaint filed herein.

20. The Defendant, MARSHALL D. BELEW, II, admits or denies the allegations as contained in paragraph 20 of the complaint filed herein consistent with his prior answers to this complaint.

21. The Defendant, MARSHALL D. BELEW, II denies the allegations as contained in paragraph 21 of the complaint filed herein.

22. The Defendant, MARSHALL D. BELEW, II admits or denies the allegations as contained in paragraph 22 of the complaint filed herein consistent with his prior answers to this complaint.

23. The Defendant, MARSHALL D. BELEW, II, denies the allegations as contained in paragraph 23 of the complaint filed herein.

24. The Defendant, MARSHALL D. BELEW, II, denies the allegations as contained in paragraph 24 of the complaint filed herein.

25. For any allegation not specifically admitted or denied, the Defendant, MARSHALL D. BELEW, II, denies same as if set out specifically.

26. **FIRST AFFIRMATIVE DEFENSE:** The complaint of the Plaintiff fails to state a claim upon which relief can be granted.

WHEREFORE, the Defendant, MARSHALL D. BELEW, II, prays that the complaint filed herein be dismissed with costs, if any, taxed to the Plaintiff.

Respectfully submitted,

/s/ Steven L. Lefkovitz, No. 5953
Steven L. Lefkovitz
Attorney for Defendant
618 Church Street, Suite 410
Nashville, TN 37219
(615) 256-8300 fax (615) 255-4516
email: slefkovitz@lefkovitz.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was sent to Beth Roberts Derrick, Assistant United States Trustee, and G. Kline Preston, IV, Attorney for Plaintiff, by CM/ECF electronic filing, this December 16, 2010.

/s/ Steven L. Lefkovitz
Steven L. Lefkovitz